**MANOWITZ v. EINHORN WHOLESALE GROCERY.**

Civ. No. 6706.

District Court, E. D. New York.

Dec. 4, 1946.

J. Vincent Keogh, U. S. Atty., of New York City (Philip Jones, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Robert E. Mebel, of Brooklyn, N. Y., for defendant.

GALSTON, District Judge.

This is an action brought by the plaintiff, a veteran of World War II, against the defendant employer for reinstatement to his former employment and for loss of wages suffered by reason of the employee's discharge from his employment, allegedly without cause, within one year of his restoration to his former position, and contrary to the applicable statute. The action is brought pursuant to the provisions of Title 50, U.S.C.A.Appendix, § 308(c) thereof being particularly applicable in this case.[1]

Early in 1939, the plaintiff was employed by the defendant as a warehouseman, and continued in that employment until he entered the military service in April 1945. He served but a few months, and on October 26, 1945 was honorably discharged from the military service. Within the statutory period the plaintiff applied for reinstatement to his former employment with the defendant company; and he was re-employed during November 1945.

On resuming his position, the plaintiff, during the first week of his employment, was late every day. During the second week he appeared for work only one day.

The defendant accordingly discharged the plaintiff and gave him a check in the amount of an additional week's wages, on the face of which the employer had written "Severance pay in full". The defendant's contention is that acceptance of this check was a release from all liability for further damages and from any obligation to continue the plaintiff in its employ. Although it is not necessary to pass on this defense, it may be said in passing that it does not appear to constitute a release.

There was testimony as to the existence of a contract between the defendant employer and the union of which plaintiff was

---

[1] Title 50, U.S.C.A.Appendix, § 308, subdivision (c): "Any person who is restored to a position * * * shall not be discharged from such position without cause within one year after such restoration."

a member, some of the provisions of which related to discharge of employees. This contract was not introduced in evidence at the trial by either side, nor was it filed subsequently, as the Court suggested.

The words, "shall not be discharged from such position without cause," like many others in the statute under consideration, are not defined therein. Accordingly the interpretation to be given will be that which will afford the veteran such protection as underlies the policy of the statute. No different standard of conduct is prescribed for the veteran in the performance of his employment than is prescribed for the non-veteran. The protection which this section (308(c) gives the veteran will be safeguarded if the veteran's right to retain his former position for a period of one year after restoration thereto is based upon his compliance with the reasonable and ordinarily accepted standards of personal conduct and performance of duty of all employees. The plaintiff, both by his unexplained lateness and his absence from his employment without notification to his employer, does not meet these standards and consequently must fail in his action. The complaint will be dismissed.

Concurrently with this opinion appropriate findings of fact and conclusions of law will be filed.